12445

PEURIFOY, RECEIVER, v. LITTLE *ET AL.*

(143 S. E., 262)

Bills and Notes—Evidence—Trial Court Improperly Directed Verdict in Favor of Maker and Original Indorser after Admitting Hearsay Evidence Relative to Subsequent Indorsement Without Authority.—In action on note against maker and indorsers, trial Court improperly directed verdict in favor of maker and original indorser, after admitting hearsay evidence relative to person to whom note was intrusted for use in purchase of real estate, indorsing it to another for his own use without authority.

Before Whaley, J., County Court, Richland, May, 1927. Reversed and remanded.

Action by James E. Peurifoy, as Receiver of the American Bank & Trust Company, against G. F. Little, B. J. Blume, Calhoun Motor Company, and another. Judgment for plaintiff against defendant last named, and in favor of the first two named defendants, and plaintiff appeals.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.*, for appellant, cite: *Hearsay testimony:* Jones on Ev. (3rd Ed.), 451; 27 S. C., 456; 52 S. C., 309; 65 S. C., 1; 103 S. C., 467; 113 S. C., 295; 118 S. C., 12. *Holder in due course:* Sec. 3703, Code; 110 S. C., 271. *Failure of consideration nor fraud available as defense against holder in due course:* Sec. 3679, Code; 101 S. C., 207; 32 S. C., 538; 110 S. C., 271; 133 S. E., 467; 105 S. C., 100. *Takes free of all equities:* Sec. 3708, Code; 98 S. C., 220; 100 S. C., 59. *Notice of infirmity:* Sec. 3707, Code; 91 S. C., 455; 117 S. C., 140; 128 S. C., 67; 110 S. C., 462. *Defective title:* Sec. 3706, Code. *Cases distinguished:* 133 S. E., 709; 54 S. E., 658; 111 S. E., 799.

*Mr. W. D. Barnett,* for respondents, cites: *Contract on negotiable instrument incomplete until delivery made with purpose of giving effect thereto:* Sec. 3667, Code. *"Holder in due course":* Sec. 3703, Code; Id., Sec. 3706; 87 S. C., 95. *Principal liable for tortious acts of agent performed within scope of authority:* 133 S. E., 709. *Knowledge of fraud by holder vitiates instrument:* 136 S. E., 222.

May 9, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on a promissory note. The complaint alleges that on or about November 14, 1925, the defendant, Little, executed and delivered to the defendant, Blume, his note for $2,500.00, due 90 days after date; that thereafter the defendants, Blume, Covin, and Calhoun Motor Company (hereinafter referred to as the company), indorsed the note and discounted it with American Bank & Trust Company (hereinafter referred to as the bank); that the plaintiff is the duly appointed Receiver of the bank and as such is the owner and holder of the note; and that there is due on same a balance of $571.65, with interest and attorney's fees.

The defendants, Little and Blume, by their answer allege that Little executed and delivered to Blume the note in question, to be used in payment for certain real estate to be purchased in the State of North Carolina, and that Blume delivered the note to Covin to be used only for that purpose; that Covin fraudulently and in violation of his trust discounted the note with the company, of which he was manager and a director; that thereafter the company, by and through Covin, fraudulently and in· violation of the trust, discounted the note with the bank, by and through J. P. Matthews, who was chairman of the Board and one of the directors of the bank and also one of the directors of the company, and that the bank knew, when it discounted the note, that the note did not belong to the company, but was being used for the purpose of getting money fraudulently and in violation of law; and that the defendants, Little and Blume, executed and indorsed the note without consideration. The answer also denies that the plaintiff is a purchaser of the note for value before maturity.

The summons and complaint were never served on Covin.

At the conclusion of the testimony, the plaintiff made a motion for a directed verdict against the defendant, Little, on the ground that the plaintiff is a holder in due course and that the defenses set up by Little are not available to him; also a motion for a directed verdict against the defendant, Blume, on the ground, among others, that the defense of failure of consideration set up by Blume is not available against the plaintiff, who is a holder in due course; and also a motion for a directed verdict against the defendant company on grounds not necessary to be set out here. The defendants, Little and Blume, moved for a directed verdict in their favor, on the ground that the note was given to Covin for a particular purpose, that he afterwards used it in violation of that agreement, and that he and the bank, through Matthews, fraudulently used the same, and, therefore, the bank and the plaintiff did not acquire any title to the note.

The Court directed a verdict in favor of the plaintiff against the company, from which there is no appeal, and a verdict in favor of the defendants, Little and Blume, from which the plaintiff appeals.

The exceptions impute error to the presiding Judge: (1) in admitting certain testimony of the defendant, Blume; (2) in directing a verdict in favor of the defendants, Little and Blume, the error being that the testimony did not show as a matter of law that the plaintiff was not a holder in due course; and (3) in refusing to direct a verdict for the plaintiff against the defendants, Little and Blume, the error being that the testimony showed conclusively that the plaintiff was a holder in due course.

At the trial of the case, the defendant, Blume, was absent, but it was agreed by counsel that, if present, he would testify as set out in a written statement offered as his testimony, the plaintiff reserving the right to object to the relevancy or competency of the same. So much of this statement as is necessary to an understanding of the point involved is as follows:

"That during the fall of 1925 he was approached by L. S Covin upon a proposition of purchasing certain lots in North Carolina, which Mr. Covin stated could be purchased at a price we could make some money out of. That neither Blume nor Covin was able to finance the proposition, and Blume stated that he could get a note of his brother-in-law, G. F. Little, which was good, and that he would personally indorse the note if his portion of the purchase price could be handled that way. Covin stated that he believed it could be, whereupon Blume got the note now in question from Little, after indorsing it, turned it over to L. S. Covin, to be used for that purpose. That Little and Blume were to have together the interest of Blume in the land purchased.

"That G. F. Little lived in Laurens County and B. J. Blume was at the time spending a large portion of his time in Florida. That under the arrangements, L. S. Covin was

to handle the purchasing and sale of the lots and Blume thought the lots had been purchased until a later visit to Mr. Covin at St. Matthews, when *Mr. Covin stated that he had not been able to purchase the property, and that he and Mr. J. P. Matthews, who was one of the directors and vice president of the Calhoun Motor Company, had used the note temporarily for the Calhoun Motor Company with the American Bank & Trust Company, to relieve the motor company from its financial embarrassment, that the note would be paid in a short time and that he did not think Blume would object to this.* That Blume requested Mr. Covin to go to Columbia and get the note at once and return it to him to send to G. F. Little. That L. S. Covin, a director and president of the Calhoun Motor Company, *stated, that he would not have used the note, but Mr. J. P. Matthews, a director of the American Bank & Trust Company, had insisted on some paper to put in the bank in case the bank examiner should make an examination, and suggested that this paper be used temporarily, and that it would be taken up, before the maker knew anything about it.* Covin promised to get the note at once and send it to Blume."

The plaintiff objected to the admission of the two portions of the statement set out in italics, upon the grounds that such testimony was hearsay, and that the transaction referred to was one between Blume and Covin and testimony as to same was not admissible against the bank. The trial Judge admitted the first portion and excluded the second.

Testimony by a witness as to what some other person told him is called hearsay, and, as Greenleaf says, "does not derive its value solely from the credit to be given to the witness himself, but rests also, in part, on the veracity and competency of some other person." Such testimony is excluded for the reasons that it is not the best evidence of the facts sought to be proved, the declarant being a competent witness to testify to any facts within his knowledge; that the unsworn statement lacks the sanction of an oath; and

that there is no opportunity for cross examination of the declarant or for the observation of his deportment or his disposition to speak the truth, etc.    The admission of such testimony would open wide the door to fraud.    As said in *Coleman v. Southwick,* 9 Johns. (N. Y.), 45, 50; 6 Am. Dec., 253:

"A person who relates a hearsay is not obliged to enter into any particulars, to answer any questions, to solve any difficulties, to reconcile any contradictions, to explain any obscurities, to remove any ambiguities; he entrenches himself in the simple assertion that he was told so, and leaves the burden entirely on his dead or absent author."

The rule excluding hearsay may appear at times to be productive of hardship, but it is a salutary rule and we must abide by it.    In the case at bar, the testimony objected to, both that portion admitted and that portion excluded by the trial Judge, is clearly hearsay, does not come within any of the exceptions which render hearsay competent, and was, therefore, inadmissible.    See *Duncan v. Seaborn,* Rice, 27. *Lowry v. Moss,* 1 Strob., 63.    *Dobson v. Cothran,* 34 S. C., 518; 13 S. E., 679.    *Piero v. Express Co.,* 103 S. C., 467; 88 S. E., 269.    *Jakar v. Jakar,* 113 S. C., 295; 102 S.' E., 337.

What we have here said applies, of course, to the additional ground on which the respondents urge that the direction of a verdict in their favor should be sustained; namely, that the portion of the testimony excluded by the trial Judge should have been admitted.

With the exclusion of the testimony objected to, a deficiency of evidence, as establishing the pleaded defenses of the defendants, Little and Blume, is apparent from an examination of the record.    Hence, there was error in directing a verdict for these defendants and in not directing a verdict against them in favor of the plaintiff.    But, as we have indicated, as the "delinquency is rather a deficiency of evidence than otherwise," this Court, under Rule 27, will exer-

cise its discretion in the interest of the attainment of substantial justice between the parties and remand the case for a new trial rather than for a directed verdict.

It is, therefore, the judgment of this Court that the judgment of the County Court of Richland County be reversed as to the defendants, Little and Blume, and that the case be remanded to that Court for a new trial as to these defendants.

MR. JUSTICE COTHRAN concurs, and MR. JUSTICE CARTER concurs in result.

MR. CHIEF JUSTICE WATTS did not participate.

MR. JUSTICE BLEASE disqualified.